IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WILSON, JR.,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 14-cv-00578 |
| | : | |
| | : | (Judge Kane) |
| **AEROTEK, INC., et al.,** | : | |
| Defendants | : | (Magistrate Judge Carlson) |
| | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On November 17, 2015, Magistrate Judge Carlson issued a Report and Recommendation (Doc. No. 47), in which he recommends that the Court grant Defendants' motion for judgment on the pleadings (Doc. No. 35), and deny Plaintiff's motion for judgment on the pleadings (Doc. No. 34). In relevant part, Magistrate Judge Carlson found that the two employment compensation contracts in question, Plaintiff's Employment Agreement and his Incentive Investment Plan (IIP) could each be enforced in harmony with the other, thereby requiring Plaintiff to abide by both the 18-month non-compete covenant from the Employment Agreement and the 30-month non-compete covenant from the IIP. (See Doc. No. 47.)

Plaintiff has raised three objections to the Report and Recommendation: (1) that the Employment Agreement superseded the IIP agreement such that Plaintiff was only bound by an 18-month non-compete provision, and not the IIP's more restrictive 30-month non-compete provision; (2) that Plaintiff did not violate the 18-month non-compete provision, so applicable law mandates continued payments under the IIP; and (3) that even if Plaintiff was subject to the IIP's 30-month non-compete provision – a provision he admittedly violated by starting a competing business between 18 and 30 months after his employment ended – the terms of the IIP

1

do not require Plaintiff to return payments Defendant already made under the IIP.  (Doc. Nos. 50, 51.)

The Court finds that Magistrate Judge Carlson comprehensively and correctly addressed the substance of Plaintiff's first two objections in the Report and Recommendation itself.  (See e.g., Doc. No. 47 at 16) ("[T]he IIP Award Agreements are integrated contracts that are enforceable as written, and which were not modified or amended by the Employment Agreement.").  Consequently, the Court will not separately address these objections.

Plaintiff's third objection warrants further consideration.  Magistrate Judge Carlson did not explicitly address whether Defendants are entitled to repayment for the $41,040.00 that they had already paid to Plaintiff before he violated the 30-month non-compete covenant, though the repayment of this amount does appear as part of the requested relief in Defendants' motion for judgment on the pleadings.  (See Doc. Nos. 35-1, 47.)

Section 9 of the IIP governs the question of whether Plaintiff must repay the amount he has already been paid pursuant to the IIP.  (See Doc. No. 30-1.)  Under the IIP, employees receive payments under the incentive plan once they have left the company.  (See id.)  According to Section 9, "[i]n order to earn and become entitled to receive payment" under the IIP, an employee must comply with, inter alia, the IIP's 30-month non-compete covenant.  (Doc. No. 30-1 at 6.)  However, an employee is entitled to partial payment under the IIP on a quarterly basis as soon as the employee leaves the company: as many as seven quarterly payments over 28 months occur before the 30-month term has ended.  (Doc. No. 30-1 at 7.)  Plaintiff received six such quarterly payments, totaling $41,040.00.  (Doc. No. 47 at 8.)  The remainder of an employee's money under the IIP is held back and disbursed only after the 30-month non-compete period has elapsed.  (Doc. No. 30-1 at 7.)

After Plaintiff left Defendants' employ but before he received his first quarterly payment under the IIP, Defendant Aerotek mailed Plaintiff a letter, which Plaintiff acknowledged in writing and returned, reminding Plaintiff of his non-compete obligations under the IIP. (Doc. No. 30-4.) The letter explicitly stated that, by acknowledging the letter, Plaintiff agreed that any breach of the non-compete would disqualify him from future IIP payments and that in the event of a breach, Plaintiff "agree[d] to refund to the Company any amounts previously paid to" him under the IIP. (Id.) Plaintiff argues that the IIP provisions, standing alone, do not mandate repayment of the quarterly payments received, and he argues that the letter from Defendants added a repayment contract term, thus modifying the IIP without additional consideration. (Doc. No. 51 at 17-19.) Accordingly, Plaintiff argues that even if he was subject to the 30-month non-compete covenant, and even though he violated that covenant, he should not be automatically required to refund the quarterly payments Defendants made to him under the IIP. (See id.)

Neither party briefed the substance of this objection before Magistrate Judge Carlson, and Defendants have not responded to Plaintiff's objections with further briefing of their own. Therefore, while it has been established that Plaintiff was subject to the 30-month non-compete covenant from Section 9 of the IIP, the question remains whether Defendants are entitled to full reimbursement of the payments already made under the quarterly payment regime the IIP created. There is no suggestion that this issue should have been raised and developed sua sponte by Magistrate Judge Carlson.

In the absence of a developed record or full briefing on this issue, the Court declines to decide at this juncture whether Plaintiff must repay the entirety of the payments Plaintiff has received. The Court adopts Magistrate Judge Carlson's Report and Recommendation in all other respects.

**AND SO**, on this 9th day of March 2016, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No 47), is **ADOPTED**, except insofar as it recommends entering judgment in the amount of $40,040.00;

2. Defendants' motion for judgment on the pleadings (Doc. No. 35), is **GRANTED**, except insofar as it requests the entry of monetary judgment;

3. Plaintiff's motion for judgment on the pleadings (Doc. No. 34), is **DENIED**; and

4. This case is referred back to Magistrate Judge Carlson for the disposition of pending motions and further pre-trial management.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
